Mr. Paul R. Green Attorney for Santa Rosa County School Board Post Office Box 605 Milton, Florida 32572
Dear Mr. Green:
You have asked the following question:
 DOES s. 12 OF CH. 79-561, LAWS OF FLORIDA, AS AMENDED, REGARDING PAYMENT OF EXPENSES TO MEMBERS OF THE SANTA ROSA COUNTY CIVIL SERVICE BOARD, PREVAIL OVER THE PROVISIONS OF s. 112.061, F.S., THE UNIFORM TRAVEL EXPENSE LAW?
Section 12, Ch. 79-561, Laws of Florida, as amended by Chs. 81-487 and 84-525, Laws of Florida, provides that members of the Santa Rosa County Civil Service Board
 shall receive no salary but shall be paid an amount to be determined by joint resolution of the Board of County Commissioners of Santa Rosa County and the Santa Rosa County School Board to defray expenses in the discharge of official duties, such sums to be reasonably allocated. (e.s.)
Section 112.061, F.S., provides for per diem and traveling expenses of public officers, employees, and authorized persons. As pertinent to your inquiry, s. 112.061(1)(b)2., F.S., states that, "[t]o preserve the standardization and uniformity established by this law: . . . [t]he provisions of any special or local law, present or future, shall prevail over any conflicting provisions in this section, but only to the extent of the conflict."
This office has previously concluded that travel expenses of designated county officials in any particular county may be provided for by special law. Attorney General Opinion 71-121. Cf., AGO's 65-13 and 67-20 (general law providing uniform system for reimbursement of travel expenses applies in absence of conflicting provisions of special acts). Although s. 12 of Ch. 79-561, Laws of Florida, as amended, does not specifically refer to travel expenses, it does provide a method for determining an amount payable to members of the Santa Rosa County Civil Service Board "to defray expenses in the discharge of official duties. . . ." The expenses thus defrayed would appear to necessarily include travel expenses. See, 35 C.J.S. Expense, p. 234, noting that the word "expense" may have "somewhat varying significance, depending on the connection in which it is used," and citing as support thereof cases holding that the word is one of broad import, having no fixed definition, but one which is comprehensive enough to cover a wide range of disbursements. And see, 35 C.J.S. Expense, p. 237 (referring to travel expenses as a type of expense).
I am of the view that s. 12 of Ch. 79-561, supra, in providing a method for determining an amount payable to members of the Santa Rosa County Civil Service Board to defray expenses, includes travel expenses. Therefore the provisions of this special act prevail over s. 112.061, F.S., setting forth a uniform system for reimbursement of travel expenses to the extent of any conflict. Payment of expenses pursuant to s. 12, Ch. 79-561, is in lieu of reimbursement of travel expenses under s. 112.061.
SUMMARY
In sum, it is my opinion that s. 12 of Ch. 79-561, Laws of Florida, as amended, providing for determination of an amount payable to members of the Santa Rosa County Civil Service Board "to defray expenses," includes travel expenses and therefore prevails over the provisions of s. 112.061, F.S., the uniform travel expense law.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger
Assistant Attorney General